IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ARTHUR BRIAN BOUDIN, etc.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 07-0018-WS-C |
| | ) |
| **ATM HOLDINGS, INC., etc.,** | ) |
| | ) |
| Defendant. | ) |

# ORDER

The matter is before the Court on the plaintiff's motion to stay.  (Doc. 30).  The skeletal motion requests that all proceedings in this action — but especially the motion to dismiss and renewed motion to dismiss filed by defendant Residential Essentials, LLC ("ATM") — be held in abeyance pending transfer to multi-district litigation ("MDL") involving defendant Ameriquest Mortgage Company ("Ameriquest").  The plaintiff obtained a conditional transfer order from the MDL panel on June 20, 2007.  (*Id.*, Exhibit 1).

A stay pending transfer to MDL proceedings is not automatic.  Instead, as this Court has noted, whether or not to enter such a stay depends on which approach is "better calculated to vindicate the interests of judicial economy, consistency of result, and minimization of prejudice to the parties."  *Betts v. Eli Lilly & Co.*, 435 F. Supp. 2d 1180, 1182 (S.D. Ala. 2006).  The plaintiff does not acknowledge or address this standard, and it plainly weighs against a stay here.

As for judicial economy, ATM argues that this case is indistinguishable from this Court's recent ruling in *Morrisette v. Novastar Home Mortgage, Inc.*, 484 F. Supp. 2d 1227 (S.D. Ala. 2007), which therefore controls.  (Doc. 27 at 2).  If this assertion is correct — and the plaintiff has not suggested otherwise —  this Court's investment of

resources in resolving the motions to dismiss will be minimal.[1]  Indeed, even if the assertion is not correct, the Court's recent experience with similar issues will flatten the learning curve necessary for resolving the motions.  The plaintiff has not suggested that the MDL Court has any experience with similar issues, much less that it has addressed, or will address, them so often that its facility with them makes it more economical for it to address the motions than for this Court to do so.  On the contrary, the MDL Court was constituted to handle claims against Ameriquest, not against ATM, and the amended complaint discloses that, while ATM is sued for alleged violations of the Real Estate Settlement Procedures Act ("RESPA"), Ameriquest is *not* sued under RESPA but instead for alleged violations of the Truth in Lending Act and the Home Ownership and Equity Protection Act.  (Doc. 22).  On this record, judicial economy argues against a stay.

A risk of inconsistent results arises only when different judges rule on similar motions.  *Betts*, 435 F. Supp. 2d at 1184.  Because the plaintiff has not even alleged that the MDL Court is addressing similar issues under RESPA, no such risk has been shown.

As for prejudice, "no party has a right to remain in federal court when subject matter jurisdiction is plainly lacking." *Betts*, 435 F. Supp. 2d at 1184.  Similarly, no plaintiff has a right to delay a ruling on a ripe motion to dismiss simply so that the case can be transferred to another forum where he believes he might stand a better chance of defeating the motion.

For the reasons set forth above, the plaintiff's motion to stay is **denied**.  The briefing schedule previously established, (Doc. 29), remains in effect.

---

[1] The Court has even more recently addressed challenges to *Morrisette* and rebuffed them.  *Williams v. Saxon Mortgage Services, Inc*., Civil Action 06-0799-WS-B.  The plaintiffs in both *Morrisette* and *Williams* are represented by the same counsel as in this case, so it is reasonable to suppose that the Court has already analyzed the issues presented, and to be presented, here.  Certainly the plaintiff's brief in opposition to the initial motion to dismiss, (Doc. 17), bears a striking similarity to those filed by the *Morrisette* and *Williams* plaintiffs.

DONE and ORDERED this 27th day of June, 2007.

s/ WILLIAM H. STEELE<br>UNITED STATES DISTRICT JUDGE