# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ARTHUR BRIAN BOUDIN**<br>**Individually and on behalf of all**<br>**similarly situated individuals,**<br><br>**Plaintiff,**<br><br>v.<br><br>**RESIDENTIAL ESSENTIALS, LLC**<br>**D/B/A ATM CORPORATION**<br>**of AMERICA, and AMERIQUEST**<br>**MORTGAGE COMPANY, INC.,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) CASE No.: 1:07-cv-00018-WSC<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## REPORT OF PARTIES' PLANNING MEETING

Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on August 3, 2007 by telephone and attended by:

Earl P. Underwood, Jr., one of the attorneys for Plaintiff;

Gregory C. Cook, attorney for Defendant Residential Essentials, LLC d/b/a ATM Corporation of America ("ATM"); and

Stephen J. Bumgarner, attorney for Defendant Ameriquest Mortgage Company, Inc. ("Ameriquest").

The parties do not request a conference with the Court before entry of the scheduling order.

1.  Nature of the Case:

Plaintiff claims that defendant ATM has marked up recording fee and other fees and retained the difference. Plaintiff intends to re-plead his claims regarding the other "title related fees" after initial discovery. As fully detailed in the complaint, plaintiff claims that this action is

922981.1

a violation of RESPA § 8(b). Plaintiff claims that defendant Ameriquest has violated the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq. by failing to include certain charges in its interest rate disclosures. Plaintiff also asserts each if his claims individually and on behalf of a class of similarly situated individuals.

Defendant ATM denies these allegations and avers that it did not retain any amounts from the recording fee and disagrees with plaintiff's position that his claims include "other fees". ATM asserts that the only remaining claims in this case against it relate solely to the recording fee and no "other fees". ATM further argues that, even if it had retained any such amounts, it would not violate RESPA § 8(b) because it provided services in the recording of the mortgage. ATM otherwise raises several affirmative defenses, including, but not limited to, the statute of limitations.

Defendant Ameriquest denies plaintiff claims and asserts that it has acted properly and made the appropriate disclosures. Ameriquest also intends to assert a number of affirmative defenses if it is required to file an answer.

Both defendants deny that plaintiff can bring his claims on behalf of a class under Fed.R.Civ.P. 23 or that he is similarly situated as to any of such class.

2. This action should be ready for class certification hearing within eight months and trial six months after a ruling on class certification.

3. The parties request a pretrial conference 30 days before trial.

4. Discovery Plan: Prior to a ruling on class certification, the parties will focus their discovery upon discovery relating to the elements of Rule 23 and to the merits of the plaintiff's claim. Initial disclosures will be due 14 days after this report is signed by the parties. Discovery regarding the claims of the named plaintiff may proceed during class discovery. The parties have

agreed to cooperate to the extent possible to avoid duplicative discovery. Plaintiffs will not be entitled to the individual records, or lists of class members, or files of class members until class certification without showing good cause but may request redacted, sample files of absent class members if necessary and relevant to the elements of Rule 23 (Ameriquest does not agree with the production of such redated, sample files). The parties propose the following plan for discovery:

 (a) Depositions: The parties agree to a maximum of 10 depositions for Plaintiffs, 10 depositions for ATM, and 10 depositions for Ameriquest, each directed toward any other party with a maximum time limit of 7 hours per deposition, unless extended by agreement of the parties, pursuant to the standards set forth in the Federal Rules of Civil Procedure.

 (b) Interrogatories: The parties agree to a maximum of 30 by Plaintiffs, 30 by ATM, and 30 by Ameriquest, including subparts, directed toward any other party, to be answered within 30 days of service.

 (c) Requests for admission: The parties agree to a maximum of 25 by Plaintiffs, 25 by ATM, and 25 by Ameriquest, including subparts, directed toward any other party, to be answered within 30 days of service.

 (d) Requests for Production: The parties agree to a maximum of 30 by Plaintiffs, 30 by ATM, and 30 by Ameriquest, directed toward any other party, to be answered within 30 days of service.

 (e) Parties: The parties agree that the plaintiffs shall have 90 days from the date this report is signed to join additional parties. Defendants shall have 120 days from the date this report is signed to join additional parties.

(f) Pleadings: Plaintiffs shall have 90 days from the date this report is signed to amend the pleadings. Defendants shall have 120 days from the date this report is signed to amend the pleadings.

(g) Class Certification Experts: Plaintiffs shall identify any class certification expert and produce a copy of his or her report within 120 days from the date this report is signed. Defendants shall identify any class certification expert and produce a copy of his or her report within 30 days after Plaintiffs identify their class certification expert.

(h) Class Certification Motion: Any motion for class certification and supporting briefs and exhibits must be filed within 180 days from the date this report is signed. Defendants shall respond within 30 days of the filing of the motion for class certification. Plaintiffs' reply will be due 14 days thereafter.

(i) Trial: The parties request that the Court hold a scheduling conference to discuss the remaining scheduling issues following a decision on the class certification issue, as this issue will have a significant effect on the amount of time necessary to prepare for and complete a trial. Within 30 days of a ruling on class certification, the parties should submit their proposal for the remainder of the schedule, including a trial date.

5. Electronic Data

Where relevant and responsive, the parties will produce photocopies and/or pdf versions of data that is maintained electronically. The parties agree to work together to agree upon the types of electronic data that should be preserved.

6. Electronic Service:

The parties agree that service of any document may be effected by email, but that deadlines for responding to documents served via email will be calculated as if such documents had been served by U.S. Mail.

7.     Settlement

The parties agree that the possibility of settlement cannot be evaluated at this early juncture, with motions to dismiss pending and discovery not yet begun.

Dated:  August 3, 2007

                                            Respectfully submitted,

                                            /s/ Gregory C. Cook
                                            One of the Attorneys for Defendant
                                            Residential Essentials, LLC d/b/a
                                            ATM Corporation of America

**OF COUNSEL:**

Gregory C. Cook
BALCH & BINGHAM LLP
1710 Sixth Avenue North
Post Office Box 306
Birmingham, Alabama 35201-0306
Telephone: 205-251-8100
Facsimile: 205-226-8798

922981.1

/s/Earl P. Underwood
One of the Attorneys for Plaintiff
Arthur Brian Boudin

**OF COUNSEL:**

Earl P. Underwood, Jr.
James D. Patterson
Post Office Box 969
Fairhope, Alabama 36533
Telephone: (251) 990-5558
Facsimile: (251) 990-0626
Email: epunderwood@alalaw.com

George R. Irvine, III
Stone, Granade & Crosby, P.C.
7133 Stone Dr.
Daphne, Alabama 36526
Telephone: (251) 626-6696
Facsimile: (251) 626-2617
Email: gri@sgclaw.com

Kenneth J. Riemer
166 Government Street
Suite 100
Mobile, Alabama 36602
Telephone: (251) 432-9212
Facsimile: (251) 433-7172
Email: kjr@alaconsumerlaw.com

Steven L. Nicholas
Cunningham, Bounds, Crowder,
  Brown & Breedlove, L.L.C.
1601 Dauphin Street
Mobile, Alabama 36604
Telephone: 251-471-6191
Facsimile: 251-479-1031

922981.1

/s/Stephen J. Bumgarner
One of the Attorneys for
Ameriquest Mortgage Company, Inc.

**OF COUNSEL:**

Stephen J. Bumgarner
Burr & Forman LLP
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: 205-251-3000
Facsimile: 205-458-5100
Email: sbumgarn@burr.com

922981.1