**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **ARTHUR BRIAN BOUDIN, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION 07-0018-WS-C** |
| | ) |
| **ATM HOLDINGS, INC., et al.,** | ) |
| | ) |
| **Defendant.** | ) |

**PLAINTIFF'S BRIEF IN RESPONSE TO AMERIQUEST'S SUPPLEMENTAL**
**BRIEF PURSUANT TO THE COURT'S AUGUST 6, 2007 ORDER**

Comes now the Plaintiff and submits the following in response to the Court's August 6, 2007 order.  As set forth below pretrial determinations such as Ameriquest's Motion to Dismiss should be decided by the MDL Court.

**A.        PROCEDURAL BACKGROUND**

Plaintiff adopts the procedural background as set out by Ameriquest except for the last paragraph. The presented question is not "whether the court should, *sua sponte,* delay ruling on defendant Ameriquest Mortgage Company's pending Motion." (Amq BR at 3). The question is: should this court defer to the MDL court in order to serve judicial economy and avoid inconsistent rulings.

**B.        THIS COURT SHOULD DEFER TO THE TRANSFEREE COURT**
**FOR ALL PRE-TRIAL MATTERS**

Ameriquest has filed a motion to dismiss and such proceedings are "pretrial." "[P]retrial, as an adjective, means before trial-... all judicial proceedings before trial are pretrial proceedings." *In re Plumbing Fixture Cases*, 298 F.Supp. 484, 494 (Jud.Pan.Mult.Lit.1968); 15 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper,

*Federal Practice and Procedure § 3866* ("Interpreted literally, the transferee court appears to have control over all proceeding prior to trial [,]" including discovery motions, motions to amend, to dismiss, for summary judgment, and to determine class certification.)

Judicial economy and consistency warrant immediate transfer of this case. Ameriquest admits the same in its response to ATM's Motion to Vacate the Conditional Transfer Order (CTO). In that that response[1] Ameriquest states at page 14 ¶ 38, "For the forgoing reasons, it appears that transfer of the ATM Action to the transferee court for coordinated or consolidated pretrial proceedings with those actions previously transferred pursuant to the Transfer Order will best serve the convenience of the parties and witnesses, and promote the just and efficient conduct of all action. 28 U.S.C. § 1407(a)."

"The goals of mass tort case management parallel the goals of Federal Rules of Civil Procedure 1 and include the following:

- Providing a forum for all parties to have a fair test of the merits of their claims and defenses;

- Avoiding inefficient and duplicative litigation of similar issues of law or fact;

- Effecting the statutory and common-law goals of compensating those injured by tortuous conduct and deterring such conduct;

- And affording similar treatment to similar cases in order to promote public confidence in the courts through consistent, predictable, and cost effective outcomes."

Manual for Complex Litigation  § 22.2 (4th ed. 2004)

---

[1] Ameriquest's entire response to ATM's motion to vacate the CTO was filed with its supplemental brief.

The duties of a transferee court are set out in the manual at § 22.36. It states in ¶2 § 22.26, "A transferee judge has authority to dispose of cases on the merits—for example, by ruling on motions for summary judgment…" *In re* Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig., 113 F.3d 1484, 1488 (8th Cir. 1997) (affirming grant of summary judgment for defendant Dow Chemical in relation to liability for the use of silicone gel in TMJ implants). The manual goes on to say in the same paragraph, "If the summary judgment motions[2] involve issues common to all the cases centralized before the MDL court, however, the transferee judge may be in the best position to rule. *See In re* Orthopedic Bone Screw Prods. Liab. Litig., MDL No. 1014, 1997 WL 109595, at *2 (E.D. Pa. Mar. 7, 1997) (ruling on motions for partial summary judgment would not advance the litigation and would serve no useful purpose (citing Manual for Complex Litigation, Third, § 21.34 (1995))); *see also* Francis E. McGovern, *Judicial Centralization and Devolution in Mass Torts*, 95 Mich. L. Rev. 2077 (1997) (citing *In re* Silicone Gel Breast Implants Prods. Liab. Litig., 887 F. Supp. 1455 (N.D. Ala. 1995))

Here plaintiffs' claims are TILA disclosure violations and rescission. (Com ¶ 42) and Ameriquest's motion to dismiss is based primarily on the Truth-in-Lending-Act statute of limitations. This is certainly a common issue in the MDL and the MDL court has already ruled on several related issues. It recently entered an order granting injunctive relief, and described the litigation as follows:

> "Plaintiffs allege that Ameriquest violated certain disclosure provisions of the Truth in Lending Act ("TILA") and its implementing regulations ("Regulation Z"). *See* 15 U.S.C. § 1635; 12 C.F.R. § 226.23. First, Ameriquest purportedly provided incomplete Notice of Right to Cancel forms ("NORTC") to borrowers. Specifically, Ameriquest delivered NORTCs that failed to identify the deadline upon which the borrower could rescind the transaction. Second, Plaintiffs claim that Ameriquest

---

[2] Here of course it is a motion to dismiss rather than summary judgment but the principal is the same.

provided the wrong form to refinancing borrowers. Rather than using the H-9 form recommended in Regulation Z, Ameriquest gave borrowers an H-8 form, which allegedly is not approved for refinancing disclosures. Plaintiffs argue that these failures to comply with TILA constitute material violations entitling affected borrowers to cancel their mortgages for up to three years from the date of the transaction.1 *See* 15 U.S.C. § 1635(h); 12 C.F.R. § 226.23(a)(3). If a borrower rescinds a mortgage, he or she is no longer responsible for finance or other charges, and the lender loses its security interest. 15 U.S.C. § 1635(b). As such, proper and timely rescission of a mortgage derails a foreclosure action. Once a foreclosure sale is completed, however, a borrower can no longer cancel the mortgage. 15 U.S.C. § 1635(f). Thus, Plaintiffs contend, certain Ameriquest borrowers facing foreclosure may unknowingly be entitled to extended rescission rights but lose their defense if they fail to act prior to the impending property sale. <u>Ameriquest apparently does not dispute Plaintiffs' description of TILA rights and remedies</u>, or the fact that certain borrowers.

<u>In Re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation,</u> MDL No. 1715, Lead Case No. 05-CV-7097. (Order, Court Doc. 143)

Furthermore, the MDL court also entered an order stating finding that Ameriquest has a dated Notice of Right to Cancel in its file, is not conclusive or even sufficient summary judgment proof that the consumer received a dated Notice of Right to Cancel:

Ameriquest mistakenly suggests that these completed forms with signed acknowledgments foreclose the possibility of Plaintiffs' success. To the contrary, TILA states that a written acknowledgment "does no more than create a rebuttable presumption of delivery." 15 U.S.C. § 1635(c); *see Briggs v. Provident Bank*, 349 F. Supp. 2d 1124, 1129 (N.D. Ill. 2004). <u>Borrowers can attempt to overcome this presumption with testimony about their closings and what documents they received (or did not receive), as well as by presenting copies of NORTCs from their own records</u>. *Briggs*, 349 F. Supp. 2d at 1129; *see also Cooper v. First Gov't Mortgage & Investors Corp.*, 238 F. Supp. 2d 50, 63-65 (D.D.C. 2002); *In re Rodrigues*, 278 B.R. 683, 687-688 (Bankr. D.R.I. 2002). Although such conflicting evidence may not be sufficient to warrant summary judgment for either party, the existence of signed acknowledgments in Ameriquest's files certainly does not preclude Plaintiff's eventual success on the merits.

(Id.)

## CONCLUSION

Ameriquest has essentially used the same motion to dismiss and brief in nine other cases, *Margaret T. Craddock v. Ameriquest,* 1:07-cv-00267-WS-M; *Michael Fox v. Ameriquest*, 1:07-cv-00274-BH-C; *Victoria Williams v. Ameriquest*, 1:07-cv-00325-WS-M; *Clyde Madden, et al. v. Ameriquest Mortgage*, 1:07-cv-00359-KD-M; *Verlatta Donald v. Ameriquest Mortgage,* 1:07-cv-00378-WS-M; *Alice Abrams, et al. v. Ameriquest Mortgage*, 1:07-cv-00434-KD-B; *Alvin Moore v. Ameriquest Mortgage*, 1:07-cv-00453-KD-M;  *Benjamin A. Lewis, et al. v. Ameriquest Mortgage*, 1:07-cv-00349-CG-B; and *Thomas E. Jackson, et al. v. Ameriquest Mortgage*, 1:07-cv-00418-KD-M.  Cleary the issues addressed in the motions to dismiss are common issues and should be addressed by the MDL court. For the reasons stated in Plaintiffs' opposition briefs in each of those cases and in this case, the plaintiffs' claims are not time barred and although Plaintiff is confident that the District Court will rule in his favor, this is a pretrial decision that should be made by the transferee Court.

/s Earl P. Underwood, Jr.
Earl P. Underwood, Jr.
Attorney for Plaintiff
Law Offices of Earl P. Underwood, Jr.
Post Office Box 969
Fairhope, AL  36533-0969
(251) 990-5558  voice
(251) 990-0626 fax

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 23rd 2007 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send notification of such filing to the following:

Stephen J. Bumgarner
Burr & Forman LLP
3400 Wachovia Tower
420 North 20th St.
Birmingham AL 35203
sbumgarn@burr.com

Gregory C. Cook
Balch & Bingham, LLP
1710 Sixth Ave. N.
Post Office Box 306
Birmingham, AL 35201-0306
gcook@balch.com

George R. Irvine, III
Stone, Grenade & Crosby, P.C.
7133 Stone Dr.
Daphne AL 36526
334-626-6696
gri@sgclaw.com

Kenneth J. Riemer
166 Government Street, Suite 100
Mobile, AL 36602
251-432-9212
kjr@alaconsumerlaw.com

Steven L. Nicholas
Cunningham, Bounds, Crowder,
Brown & Breedlove, LLC
P.O. Box 66705
Mobile, AL 36660
sln@cbcbb.com

/s Earl P. Underwood, Jr.
Earl P. Underwood, Jr.