IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ARTHUR BRIAN BOUDIN, etc.,** )  ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | CIVIL ACTION 07-0018-WS-C |
| **RESIDENTIAL ESSENTIALS, LLC.,** ) **etc., et al.,** ) ) | |
| **Defendants.** ) | |

**ORDER**

This matter is before the Court on its sua sponte consideration of whether it should resolve the motion to dismiss filed by defendant Ameriquest Mortgage Company ("Ameriquest") before the MDL Panel determines whether its conditional transfer order should be made final. (Doc. 56). Ameriquest and the plaintiff have filed briefs in support of their respective positions, (Docs. 59, 65), and the issue is ripe for resolution.

Whether to rule or not rule on a motion pending transfer by the MDL panel depends on which course will better "promote judicial efficiency, avoid inconsistent rulings by different district courts and avoid prejudice to both plaintiff and defendant." *Betts v. Eli Lilly & Co.*, 435 F. Supp. 2d 1180, 1182 (S.D. Ala. 2006).

The motion to dismiss is based on the statute of limitations. Ameriquest argues that judicial economy favors an immediate ruling on its motion because its proper resolution is "obvious." (Doc. 8 at 5). That Ameriquest required 25 pages to brief its motion to dismiss, and another four to explain why its resolution is obvious, (Doc. 59 at 4-8), does not instill confidence in that conclusion, especially when the motion must be resolved separately as to multiple claims, through consideration of — at a minimum — statutory limitations periods and rescission rights, regulatory notice requirements and the degree to which they were satisfied, pleading requirements, and the doctrine of equitable

tolling. This case, in short, is worlds away from the straightforward motion to remand at issue in *Betts*.

Nor does Ameriquest suggest that its motion to dismiss is unique, such that no economies of scale would be invoked by having the transferee court rule on all such motions. The omission is especially telling given the Court's express instruction to the parties to address this point in their briefing. (Doc. 56 at 2). The plaintiff, for his part, cites nine other cases filed in this district in which Ameriquest has filed similar motions to dismiss, (Doc. 65 at 5), and almost all of these have already been transferred to the MDL Court, with the motions to dismiss to be ruled on there. Even if these motions are not identical, they are sufficiently similar that a single judge can master the framework and apply it efficiently in multiple situations, with considerable savings in time compared to that required for three separate judges in this district to do so. Moreover, the MDL Court already has experience in such issues, (*id*. at 3-4), so that it begins the exercise with a decided advantage over this Court. In these circumstances, unlike in *Betts*, judicial economy cannot be furthered by ruling on Ameriquest's motion before transfer.

The presence of a batch of similar motions pending before the MDL Court also exposes the risk of inconsistent results that would arise were the Court to rule on the motion before it. Unlike in *Betts*, the motion's correct resolution is not obvious on its face and does not implicate issues of state law, and accordingly the risk of inconsistent results is not mitigated thereby.

Ameriquest notes that the Court has ruled the amended complaint alleges no violation of RESPA by co-defendant Residential Essentials, LLC ("ATM") other than with respect to the mortgage recording fee, (Doc. 43 at 6-8), and it expresses concern that the MDL Court might reach an inconsistent result with respect to Ameriquest. (Doc. 59 at 8-9). The risk seems low, since Ameriquest is not sued under RESPA, so that it is not clear how the Court's ruling as to ATM dictates a similar ruling as to Ameriquest. At any rate, the risk significant under *Betts* is that of inconsistent results among transferred cases,

not within a single transferred case.

The only prejudice Ameriquest identifies is that of participating in discovery in this Court before its motion to dismiss is ruled upon. (Doc. 59 at 9). This is true of all cases in this Court and so cannot constitute relevant prejudice.

For the reasons set forth above, the Court declines to rule on Ameriquest's motion to dismiss prior to the MDL Panel's final determination as to transfer.

DONE and ORDERED this 6th day of September, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE